IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANIYRA SCOTT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-2897 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| HUMAN SERVICES, *et al.*, | : | |
|     Defendants. | : | |

MEMORANDUM

YOUNGE, J.                                                                                                         JULY 10, 2025

Plaintiff Shaniyra Scott filed a *pro se* Complaint alleging various claims in connection with her application for medical assistance benefits and benefits offered through the Supplemental Nutritional Assistance Program ("SNAP"). Scott also seeks leave to proceed *in forma pauperis*. For the reasons that follow, the Court will grant Scott leave to proceed *in forma pauperis* and dismiss her Complaint.

I.      FACTUAL ALLEGATIONS[1]

Scott filed this Complaint against the Pennsylvania Department of Human Services ("DHS") and the County Assistance Office of Delancey ("CAO Delancey"), which she alleges "is a local DHS office responsible for administering public benefits." (Compl. at 1-2.) Scott alleges that on February 11, 2025, she applied for SNAP and medical assistance benefits. (*Id*. at 2.) In her application, she allegedly "provided written notice of revocation, withdrawing consent for DHS and DAO Delancey to access or disclose [her] financial information." (*Id*.) She states that despite providing the notice of revocation, Defendants "unlawfully accessed [her] financial

---

[1] The allegations set forth in this Memorandum are taken from Scott's Complaint, which consists of typed allegations and numerous pages of exhibits. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

information through the Income and Eligibility Verification System (IEVS)." (*Id*.) On February 24, 2025, DHS allegedly "processed a Medical Assistance 'renewal'" under Scott's name without her "knowledge or consent." (*Id*.) Thereafter, Defendants denied Scott's application for SNAP and medical assistance benefits "without conducting a required interview or providing an opportunity to submit verification documents." (*Id*.) On March 17, 2025, Scott filed an administrative appeal of the denial and is waiting for a hearing. (*Id*.)

Scott claims that Defendants' conduct "resulted in unauthorized access to [her] sensitive financial information, denial of public benefits without due process, and potential misuse of [her] identity." (*Id*.) Based on these allegations, Scott asserts claims under the Privacy Act, the Right to Financial Privacy Act, § 1983, a regulation promulgated under the SNAP Act, 7 U.S.C. § 2011, *et seq*., and 28 U.S.C. § 1028A, a criminal statute punishing identity theft. (*Id*. at 1-4.) For relief, she seeks money damages, and injunctive and declaratory relief. (*Id*. at 4.)

## II.     STANDARD OF REVIEW

The Court will grant Scott leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Scott's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v.*

*United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Scott is proceeding *pro se*, the Court construes her allegations liberally.

## IV. DISCUSSION

Scott asserts claims under various federal statutes. The Court will address her claims separately.

### A. Section 1983 Claims

Scott asserts a Fourteenth Amendment claim under § 1983, alleging that Defendants violated her right to privacy and denied her benefits without due process, including by not "conducting a required interview or providing an opportunity to submit verification documents."[2] (Compl. at 2, 3.) Scott asserts these constitutional claims pursuant to § 1983, the statute enabling a plaintiff to raise claims for violations of the federal constitution. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution

---

[2] Scott also appears to assert a separate claim under 7 C.F.R. § 273.2, alleging that Defendants "failed to comply with federal regulations governing SNAP application processing, interview procedures, and notice requirements, thus depriving [her] of her due process rights." (Compl. at 3.) Section 273.2 is a regulation promulgated under the SNAP Act. To the extent that Scott attempts to assert a separate claim under 7 C.F.R. § 273.2, such claim will be denied with prejudice as the SNAP Act, including its regulations, does not provide an individual a private cause of action. *Barry v. Corrigan*, 79 F. Supp. 3d 712, 734 (E.D. Mich. 2015) ("The SNAP Act does not explicitly confer a private right of action to enforce its provisions."), *aff'd sub nom. Barry v. Lyon*, 834 F.3d 706 (6th Cir. 2016); *Trefry v. Tracy*, No. 14-0044, 2014 WL 2154263, at *4 (D. Me. May 22, 2014), *aff'd* No. 14-1703 (1st Cir. June 25, 2015) ("Failure to comply with [SNAP Act] and other statutory requirements exposes a state to a suit by the Attorney General in federal court . . . but there is no similar provision authorizing enforcement actions by private citizens."). In any event, even if provisions of the SNAP Act are enforceable under § 1983, Scott's claim will be dismissed for the same reasons as her constitutional claims are dismissed under § 1983 in that the Defendants she has named are immune from § 1983 liability.

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Scott's Fourteenth Amendment claims asserted against DHS and CAO Delancey must be dismissed. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The DHS and the CAO Delancey are state agencies immune from suit and not "persons" subject to liability under § 1983. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F. 3d 249, 253 (3d Cir. 2010) ("State governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment."); *Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (noting that "'[s]tates or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)); *Sherle v. Pennsylvania Dep't of Hum. Servs.*, No. 21-140, 2022 WL 17469468, at *2 (W.D. Pa. Dec. 6, 2022) (dismissing § 1983 claim against DHS as barred by the Eleventh Amendment). Because Scott has only named Defendants immune from liability under § 1983, her § 1983 claims must be dismissed.[3]

**B.   Privacy Act Claim**

Scott also claims that Defendants violated the Privacy Act, 5 U.S.C. § 552a. The Privacy Act was enacted "to protect the privacy of individuals identified in government information systems by regulating the collection, maintenance, use and dissemination of personal information

---

[3] However, state officials may be sued in their official capacities where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Although it appears that Scott seeks prospective injunctive relief, she does not name any state officials as Defendants.

and prohibiting unnecessary and excessive exchange of such information within the government and to outside individuals.'" *N'Jai v. Pittsburgh Bd. of Pub. Educ.*, 487 F. App'x 735, 737 (3d Cir. 2012) (quoting *Cochran v. United States*, 770 F.2d 949, 954 (11th Cir. 1985)). Although the Privacy Act permits individuals to initiate a private cause of action for violations of the act, *see* 5 U.S.C. § 552a(g)(1), the cause of action is permitted against federal agencies only and not against municipal or state agencies. *N'Jai*, 487 F. App'x at 737 (citing *Pennyfeather v. Tessler*, 431 F.3d 54, 55 (2d Cir. 2005)); *see also* 5 U.S.C. § 552a (incorporating definition of "agency" from Administrative Procedures Act); 5 U.S.C. § 551 (defining "agency" as "each authority of the Government of the United States . . ."); *Aponte v. Pottstown Sch. Dist.*, No. 18-3199, 2019 WL 3080938, at *10 (E.D. Pa. July 12, 2019) (dismissing Privacy Act claims because "none of the defendants are federal agencies"). As Scott has named only state agencies as Defendants and not federal agencies, her Privacy Act claim must also be dismissed.

        C.        **Right to Financial Privacy Act Claim**

Scott claims that Defendants also violated the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. 3402, *et seq*. That statute governs the disclosure of financial records by financial institutions to a "Government authority." *See* 12 U.S.C. 3402. "Generally, [RFPA] was intended to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time accommodating legitimate law enforcement activities." *Pittsburgh Nat. Bank v. United States*, 771 F.2d 73, 75 (3d Cir. 1985). Similar to the Privacy Act, the RFPA only protects disclosures of financial information to the federal government and not to state or local agencies. *See* 12 U.S.C. § 3401(3) (defining "Government authority" as "any agency or department of the United States, or any officer, employee, or agent thereof"); *Gray v. Cap. One Fin. Corp.*, No. 25-0925, 2025 WL 1644421, at *5 n.3 (E.D. Pa. June 6, 2025) (concluding that RFPA is inapplicable "since it only protects from certain disclosures of

financial information to the federal government, and [the plaintiff] does not name any federal defendants or allege that any information was disclosed to the federal government"). In addition, while the RFPA gives individuals the right to challenge the disclosure of financial records, "the challenge procedures set forth in the section constitute the sole judicial remedy available for contesting disclosure pursuant to the chapter and do not include an allowance for monetary damages." *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir. 2006) (*per curiam*).

Scott has not named any federal defendants and does not allege that any financial information was disclosed to the federal government. Moreover, she seeks money damages as a remedy, which is not available under the RFPA. Accordingly, Scott's RFPA claim must also be dismissed.

        D.        **Aggravated Identity Theft Claim under 18 U.S.C. § 1028A**

Finally, Scott asserts a claim under 18 U.S.C. § 1028A, alleging that Defendants "misused [her] identity by submitting or processing documents on [her] behalf without authorization." (Compl. at 3.) The statute Scott relies upon, 18 U.S.C. § 1028A, is a federal criminal statute that punishes aggravated identity theft. Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Off. of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*); *Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 589 n.4 (3d Cir. 2015) (*per curiam*) (noting that criminal statutes generally do not provide a private cause of action); *see also Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"). The federal statute criminalizing aggravated identity theft similarly does not

provide for a private cause of action. *Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 917 (E.D. Pa. 2019) (dismissing claim asserted under 18 U.S.C. § 1028A as it "does not give rise to a civil cause of action"). Accordingly, Scott's aggravated identity theft claim asserted under 18 U.S.C. § 1028A must also be dismissed.

## IV.    CONCLUSION

For the above reasons, the Court will grant Scott leave to proceed *in forma pauperis* and dismiss her Complaint. As Scott is unable to cure the defects the Court has noted as to her claims, the Court will dismiss the Complaint with prejudice and close the case. An appropriate Order follows.

**BY THE COURT:**

**/s/ John Milton Younge**

**JOHN MILTON YOUNGE, J.**